# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| Harmony Bishop,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.<br><br>    Defendant. | Case No.: 1:18-cv-2893<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. TCPA, 47 U.S.C. § 227<br>2. Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Harmony Bishop ("Plaintiff"), through her attorneys, alleges the following against Defendant, Capital One Bank (USA) N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. §

652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Parker, Douglas County, Colorado.

7. Defendant, Capital One Bank (USA) N.A, is a national banking association headquartered in Virginia, and that engages in business in Colorado. Defendant can be served with process through its agent, Corporation Service Company, at 1111 East Main Street, Richmond, Virginia 23219.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around February 2018, Defendant began placing calls to Plaintiff's cellular phone number (303) 523-9899, in an attempt to collect an alleged debt.

11. The calls mainly originated from: (800) 365-2024; upon information and belief, this number is owned or operated by Defendant. The list of phone numbers may not include other numbers Defendant may have made calls from.

12. On or about February 8, 2018, at 9:01 a.m., Plaintiff answered a call from Defendant originating from telephone number (800) 365-2024; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was calling in an attempt to collect a debt. During this phone call, Plaintiff clearly told the representative that she wanted Capital One to stop calling her.

14. That request was ignored, and Plaintiff continued to receive phone calls from the Defendant throughout the months of February, March, April, May and June of 2018.

15. On or about April 26, 2018, at 1:17 p.m., Plaintiff answered another call from Defendant originating from (800) 365-2024; Plaintiff heard a short pause before one of Defendant's agents began to speak.

16. During this call, Plaintiff informed Defendant that she was struggling financially because she has been out of work for the last year, that she is a single mom, and that for the last four (4) years she has been caring for her sick father who has been diagnosed with early onset dementia.

17. Also, during the call referenced in ¶ 14, Plaintiff for the second time, requested that Defendant stop calling her.

18. Again, Defendant ignored Plaintiff's request and continued to call Plaintiff.

19. On or about June 15, 2018, at 7:28 p.m., Plaintiff answered another call from Defendant; Plaintiff heard a short pause before one of the Defendant's agents began to speak.

20. During this call, Plaintiff informed Defendant that her father had passed away and stated two or three times that she wanted Defendant to stop calling her. Defendant responded that the phone calls would be stopped.

21. Even after Plaintiff revoked consent to be called three times and told Defendant that her father had just passed away, Defendant continued to call Plaintiff, calling her on June 29, 2018 at 12:30 p.m. and 5:24 p.m., June 30, 2018 at 10:22 a.m. and 3:12 p.m., and July 1, 2018 at 11:57 a.m. and 4:15 p.m.

22. On several occasions, Plaintiff received multiple phones calls on the same day from Defendant,

23. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order,* 18 FCC Rcd at 14091, para. 131.

24. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

25. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress.'" *Id.* at 14091-92, paras. 132-133.

26. The constant phone calls from Defendant has caused Plaintiff emotional distress as the phone would ring multiple times a day and continue to ring even after Plaintiff's request to stop calling.

27. Defendant's conduct was so egregious and harassing, that Defendant even called Plaintiff when she was at her father's memorial service on July 1, 2018.

28. Defendant knowingly and/or willfully violated the TCPA because (1) Plaintiff requested that Defendant stop calling on three occasions, (2) Defendant knew that Plaintiff's father had just passed away and requested the phone calls to cease, (3) Defendant indicated that it would cease the phone calls, and (4) Defendant continued to call Plaintiff, including calling Plaintiff during her father's memorial service.

29. The phone calls were extremely disruptive during her day and would interrupt her while she was caring for her child and sick father.

30. The aggressive and harassing nature of the calls over the five (5) month period has made it difficult for Plaintiff to use her cellular phone without being worried about further calls from Defendant.

31. Between February 2018 and July 2018, Defendant contacted Plaintiff on her cellular phone approximately two-hundred twenty (220) times, despite Plaintiff revoking to be contacted on her cellular phone three (3) times.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant

COMPLAINT AND DEMAND FOR JURY TRIAL
- 6 -

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Intrusion Upon Seclusion)

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) of this Complaint as fully stated herein.

36. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Harmony Bishop, respectfully requests judgment be entered against Defendant, Capital One Bank (USA) N.A., for the following:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    B. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    C. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,
Dated: November 9, 2018

By:*/s/ David A. Chami*
David A. Chami, #027585
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Harmony Bishop*